DATe: 4/6/2024

U.S. DisTRicT CouRT
WesTeRN DisTRicT of Texas
262 West NueVA STReeT
SaN ANToNio, Tx 78207

FILED

APR 1 2 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

ScoTT Ralph WheeLock
TDCJ No. 02270570

v.

Bobby Lumpkin, DiRecTor
TDCJ-CID

SA24CA0416 XR

§   IN RefeReNce To:
§
PeTiTioNeR, §  CiVil No. SA-22-CA-0310-XR
§
§
§
§
RespoNdeNT. §

## WRiT of MANdAMus

To The HoNoRAble Judge(s) of the AfoRe MeNTioNed
CouRT:

Comes Now the PeTiTioNeR (ScoTT Ralph WheeLock)
with this "WRiT of MANdAMus."

WRiT of MANdAMus — ExTRAoRdiNARy WRiT which lies To compel
peRfoRMANce of miNisteRiAl AcT oR MANdAToRy duTy wheRe
theRe is A cleAR legAl RighT iN plaiNTiff, A coRRespoNdiNg duTy iN
defeNdANT, ANd A WANT of ANy otheR AppRopRiAte ANd AdeguATe
Remedy.

The U.S. DisTRicT CouRTs have oRigiNAl juRisdicTioN of ANy AcTioN iN
the NATuRe of MANdAMus To compel AN officeR oR employee

page 1

"WRIT OF MANDAMUS," (CONTINUES)

of the United States or any Agency thereof to perform a duty owed to the plaintiff.    28 U.S.C.A. §1361

This case was presented to this Court as a 28 U.S.C. §2254 Federal Habeas corpus with the main subject of "False Imprisonment" it was listed as Wheelock v. Lumpkin 2023 cause Number SA-22-CA-0310-XR the Court made a decision on May 31, 2023, the following is the decision;

Having Reviewed the Record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to Relief under the standards prescribed by the AntiTerrorism and Effective Death Penalty Act of 1996 (AEDPA) See 28 U.S.C. §2254(d)

Petitioner is also denied a certificate of Appealability.

28 U.S.C. §2254(d) Reads as follows;

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted with Respect to any claim that was Adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

page 2

## "Writ of Mandamus" (Continues)

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

### I.

This Writ deals with the "Double Enhancing" and multiple usage of two (2) "uncounseled misdemeanor convictions" that had "imprisonment" as sentences, also the third conviction which was first felony DWI that used both "uncounseled misdemeanor convictions" that had Jail time, these are: [1] in cause No. 14,688 of County Court of Uvalde County, Texas, on the 30ᵀᴴ Day of August, 1982, and [2] in cause No. CR90-145 of the County Court of Kerr County, Texas, on the 15ᵀᴴ Day of March, 1990 (Exhibit "C") (Note: The above are numbers [1] and [2] of the "Indictment B18-291" (Exhibit "A") of which I am serving 60 years)

The third conviction and first felony DWI using both of the "uncounseled misdemeanor convictions" with "imprisonment" cause numbers 14,688 and CR90-145 is cause No. B90-177 which is (Exhibit "D") and has both the above misdemeanors listed as Enhancements, Numbers (1) and (2).

### II.

Now, Look at (Exhibit "A"), the "Indictment B18-291" which I am serving 60 years, to where the Indictment has PRIOR Convictions Enhancement: it first uses the

## "Writ of Mandamus," (Continues)

cause Number B98-145 (Exhibit "E") And also cause Number B05-478 (Exhibit "I"), when we look At the enhancements for cause number B98-145 (Exhibit "E") we find cause Numbers B94-287 (Exhibit "G") and cause Number B94-288 (Exhibit "H"), for the Enhancements of B94-287 (Exhibit "G") it uses cause Number [1] CR90-145, 15th March 1990 (Exhibit "C") one of the "uncounseled misdemeanor convictions" with "imprisonment" And [2] cause No B90-177 (Exhibit "D") which uses both of the "uncounseled misdemeanor convictions" that have "imprisonment", cause Number (1) CR90-145, 15th March, 1990 (Exhibit "C") And cause Number (2) 14,688, 30th August, 1982 (did not have Any more copies of this one, (Lead Counsel, Attorney General's Office has one, Already informed And Court of Criminal Appeals has a full set of Exhibits)

   The second enhancement for B98-145 (Exhibit "E") is cause Number B94-288 (Exhibit "H") for enhancements it uses [1] cause number CR90-145, 15th March, 1990 (Exhibit "C") And [2] cause Number B90-177 (Exhibit "D") which once Again uses the (both) "uncounseled misdemeanor convictions" that have "imprisonment" (1) cause number CR90-145, 15th March, 1990 (Exhibit "C") And (2) cause number 14,688, 30th August, 1982 (this case was Class B misdemeanor, three days in jail, $300.00 fine)

### II.B.

Now, we'll go to the last enhancement of the Indictment

## "Writ of Mandamus" (Continues)

B18-291, which is cause Number B05-478 (Exhibit "I"), there are two issues with this case, one is the Judgement (Exhibit "J") would be a "illegal" or "incorrect" sentence, as the "Indictment B05-478" (Exhibit "I") has the charge of "Driving While Intoxicated - Third Offense" which would be a 2 to 10 year sentence and the "Judgement" (Exhibit "J") has "Driving While Intoxicated 3rd or More Enhanced" which has it as 2 to 20 years, also the Penal Code is incorrect it has, Penal Code Section 49.04, but in order to enhance it would have had to be Penal Code Section 49.09. (I already served the Five years Prison Time)

   The next issue with cause Number B05-478 (Exhibit "I") is the enhancements which lists, [1] cause Number B94-15, 12th day of February, 1999, and [2] cause Number B94-287, 12th day of February, 1999 and (for primary offense) cause Number B94-288 12th day of February, 1999, the first point that I would show the court is the difference in the dates, same cases as used in B98-145 (Exhibit "E") but for enhancement [1] cause Number B94-287 B94-287 the date is 10th November, 1994 and [2] cause Number CR94-288 (incorrect should be B94-288) the date is 10th November, 1994, same cases as before.

   The enhancements of cause Number B05-478 (Exhibit "I") [1] cause Number B94-15 (Exhibit "F") uses for enhancements cause Number CR90-145, March 15, 1990 and cause Number

## "Writ of Mandamus," (Continues)

B90-177, July 9, 1990 (Exhibit "D") which uses both of the "uncounseled misdemeanor convictions" with "imprisonment," which are cause numbers CR90-145 and 14,688, the next is [2] cause No B94-287, 12th day February 1999 (Exhibit "G") which uses for its enhancements, [1] cause No. CR90-145, 15th March, 1990 and [2] cause number B90-177 (Exhibit "D") which uses both "uncounseled misdemeanor convictions" with "imprisonment," cause numbers CR90-145 and 14,688, again! The last enhancement for "Indictment B05-478" (Exhibit "I") is (primary offense) cause number B94-288 (Exhibit "H") which uses both "uncounseled misdemeanor convictions" with "imprisonment," [1] cause number CR90-145, 15th March, 1990 and [2] cause number B90-177, 9th July, 1990 which use both "uncounseled misdemeanor convictions" with "imprisonment," cause numbers CR90-145 and 14,688, again!

In the Indictment of B18-291 of which I am serving a sentence of 60 years, (Exhibit "A") the following are used; [1] cause number 14,688, August 30, 1982 a number of 7 times, in Indictment B18-291, cause number 14,688 is one of "uncounseled misdemeanor convictions" with "imprisonment" [2] cause number CR90-145, 15th March, 1990 is used 13 times in Indictment B18-291, cause number CR90-145 is other "uncounseled misdemeanor convictions" with "imprisonment" for this case it was 1 year in jail.

<u>"Writ of Mandamus,"</u>(continues)

(3) cause number B90-177 (Exhibit "D") is used <u>6 times</u> which uses both "uncounseled misdemeanor convictions" with "imprisonment" to make the first felony DWI with 1 year jail sentence (imprisonment).

## III

There was a Motion to Quash the Indictment of B18-291 on filed 7/27/2018, prior to arraignment, it was ignored.

Generally, courts review the denial of a defendant's Motion to Dismiss (Quash) an indictment only after the defendant has been convicted and sentenced.

By the "Indictment B18-291" (Exhibit "A") the use of the two "uncounseled misdemeanor convictions" that used "imprisonment," cause numbers 14,688 and CR90-145, were used as part of the primary charge (3rd DWI) then also again, in the second part as enhancements. (see the following);

Penal Code Section 12.42

General Rule: No Double Enhancing

Using a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes. Fletcher v. State, 335 S.W. 2d 613 (Tex. Crim. App. 1960)

The State can't use a prior conviction to enhance if it is also an essential element of the primary offense. McWilliams v.

Page 7

## "Writ of Mandamus," (Continues)

State, 782 S.W. 2d 871 (Tex. Crim. App. 1990); Wiltz v State, 787 S.W. 2d 511 (Tex. App. - Houston [1st Dist] 1990, no pet)

Penal Code Section 12.42

DWI Enhancements

The State can't use prior DWI convictions both as elements of the Primary offense and also for enhancements. See PC § 49.09(g)

Section 49.09 Enhanced Offenses and Penalties

(g) A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, chapter 12, but not under both this section and Subchapter D.

Due Process clause forbids a state from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt.

Held: Consistent with the Sixth and Fourteenth Amendments, a sentencing court may consider a defendant's previous uncounseled misdemeanor conviction in sentencing him for a subsequent offense so long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment. USCS Constitution Amendments 6, 14; 18 USCS Apprx. Federal Sentencing Guidelines

The 1989 version of the sentencing Guidelines stated that, in determining a defendant's criminal history score, an uncounseled

## "Writ of Mandamus," (Continues)

misdemeanor conviction should be excluded only if it "would Result in the imposition of a sentence of imprisonment under circumstances that would violate the United States Constitution." U.S.S.G § 4A1.2 Application Note 6 (Nov. 1989). Effective November 1, 1990 the Sentencing Commission Amended § 4A1.2 by deleting the Above quoted phrase and adding the following statement As background commentary: "Prior sentences, Not otherwise excluded, Are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was <u>NOT</u> imposed." U.S.S.G App C. Amdt. 353 (Nov. 1993). When the Sentencing Commission initially published the amendment for Notice and comment, it included the following explanation: "The commission does Not believe the inclusion of sentences Resulting from constitutionally valid, uncounseled misdemeanor convictions in the criminal history score is foreclosed by Baldasar v. Illinois, 446 U.S. 222, 64 L.Ed. 2d 169, 100 S.CT. 1585 (1980). 55 Fed. Reg. 5741 (1990)

A year later, when the Court decided Baldasar v. Illinois, 446 U.S. 222, 64 L.Ed. 2d 169, 100 S.CT. 1585 (1980), I adhered to this position, concurring in the Court's per curiam opinion and its judgement that the uncounseled conviction could <u>NOT</u> be used to justify increasings Baldasar's Jail time.

### IV

Next will be the history of Actions and why they were

DATE: 4/6/2024

## "Writ of Mandamus," (Continues)

done, starting with writing a letter to the Court, prior to receiving the Court's decision on May 31, 2023.

I wrote a letter to the U.S. District Court after I started receiving my Military Disability of 80% rating, backdated to June 5, 1983, 30% of this is for hearing loss.

I did not receive Court's notice until around June 20, 2023.

I had told the Court, I was going to have to go back to trial court to give them a chance at ruling on the use of the uncounseled convictions. In the case of Fears vs. State, June 30, 2023 the appeals court ruled you must give the trial court a chance to rule on uncounseled convictions.

I filed a Motion for Cause B18-291 with the District Court 198ᵀʰ Judicial, Kerr County, Texas on July 7, 2023, it was "Denied," there was a different Judge.

I appealed the "Denial", to 4ᵀʰ Court of Appeals, San Antonio, Tx, cause 04-23-00792-CR, "Dismissed for Want of Jurisdiction", on October 25, 2023.

I did a Petition for Discretionary Review (PDR), filed on 1/17/2024 (PD-0045-24). It was "Refused" on 2/7/2024, by Court of Criminal Appeals. (Note: Copy of Petition for Discretionary Review "Included," Exhibits not included, there is full set, if needed, can be obtained Court of Criminal Appeals)

This is why the "Writ of Mandamus" is Requested, any court has the power, even Attorney General's Office.

_"Writ of Mandamus," (Continues)_

U.S. v. Garib-Bazain, 222 F. 3d 17, 18-19 (1st Cir. 2000) (no interlocutory appeal of denial of motion to dismiss indictment unless and until defendant convicted and sentenced).

Fed. R. Crim. P. 12(b)(2); see also U.S. v. Cotton, 535 U.S. 625, 630 (2002) (Subject matter jurisdiction never forfeited or waived; defects in jurisdiction require correction regardless of whether error raised in district court)

However, challenges to the Court's jurisdiction, including claims that the indictment fails to state an offense, may be brought at any time.

There was also no interpreter provided, as I am listed as "Deaf Person," Texas Code Criminal Procedure Article 38.31.

Return Address —                  Respectfully Submitted,

Scott Ralph Wheelock          _Scott Ralph Wheelock_

TDCJ # 02270570

Preston E. Smith Unit, 1313 County Road 19, LaMesa, Tx 79331

Certificate of Service

On this the 6th day of April, 2024 did send this "Writ" by Regular Mail to the following Address;

Clerk, U.S. District Court, Western Division of Texas
262 West Nueva Street, San Antonio, Tx 78207

Page 11

Exhibit
"A"

CASE NO. ℬ 18291 _____ STATE OF TEXAS VS. **SCOTT RALPH WHEELOCK**
CHARGE: DRIVING WHILE INTOXICATED 3RD OR MORE—ENHANCED
KERR COUNTY, TEXAS 198TH DISTRICT COURT:  ARREST DATE: February 7, 2018
AGENCY: TEXAS DEPARTMENT OF PUBLIC SAFETY CASE NO: TX53OG0UEENF
DL 07122551 TX     SS# 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     SID# TX 02831883     DOB 07/18/1958
*********************************************************************************************

## I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

     THE GRAND JURORS FOR THE COUNTY OF KERR, STATE OF TEXAS, DULY SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JANUARY TERM, A.D., 2018, OF THE 198TH JUDICIAL DISTRICT COURT OF SAID COUNTY, UPON THEIR OATHS PRESENT IN AND TO THE COURT, THAT **SCOTT RALPH WHEELOCK**, DEFENDANT,


               ON OR ABOUT FEBRUARY 7, 2018, AND BEFORE THE PRESENTMENT OF THIS INDICTMENT, IN SAID COUNTY AND STATE, DID THEN AND THERE OPERATE A MOTOR VEHICLE IN A PUBLIC PLACE WHILE THE SAID DEFENDANT WAS INTOXICATED BY HAVING AN ALCOHOL CONCENTRATION OF .08 OR MORE, AND THE SAID DEFENDANT HAD PREVIOUSLY BEEN CONVICTED TWO OR MORE TIMES FOR THE OFFENSE OF DRIVING AND OPERATING A MOTOR VEHICLE IN A PUBLIC PLACE AND UPON A PUBLIC ROAD WHILE INTOXICATED, TO-WIT:


     [1]  IN CAUSE NO.  14,688 OF COUNTY COURT OF UVALDE COUNTY, TEXAS, ON THE 30TH DAY OF AUGUST, 1982, AND

     [2]  IN CAUSE NO.  CR90-145 OF COUNTY COURT OF KERR COUNTY, TEXAS, ON THE 15TH DAY OF MARCH, 1990.


**PRIOR CONVICTIONS ENHANCEMENT:**

     And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 12TH DAY OF FEBRUARY, 1999, in cause number B98-145 in the 198TH DISTRICT COURT of KERR County, Texas, the defendant was convicted of the felony offense of DRIVING WHILE INTOXICATED—3RD OFFENSE.

     And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number B98-145 was final, the defendant committed the felony offense of DRIVING WHILE INTOXICATED 3RD OR MORE and was convicted on the

STATE V. SCOTT RALPH WHEELOCK
INDICTMENT:  DWI—3RD OR MORE—ENHANCED
Page 1 of 2

8TH DAY OF JANUARY, 2007, in cause number B05-478 in the 198TH DISTRICT COURT of KERR County, Texas.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

FOREMAN OF GRAND JURY

DATE FILED: MARCH 27, 2018
198TH DISTRICT CLERK, ROBBIN BURLEW
KERR COUNTY, TEXAS
BY: _Rosalee L. Custdo_
AMOUNT OF BOND: $ _30,000 w Dwi cond_

DISTRICT ATTORNEY

STATE V. SCOTT RALPH WHEELOCK
INDICTMENT: DWI—3RD OR MORE—ENHANCED
Page 2 of 2

Exhibit
"C"

NO. CR90-145          VOL. *18* PAGE *461*

| | |
|---|---|
| THE STATE OF TEXAS | IN THE COUNTY COURT AT LAW |
| VS. | OF |
| SCOTT R. WHEELOCK | KERR COUNTY, TEXAS |

<u>JUDGEMENT AND PROBATION SENTENCE</u>

OFFENSE: DRIVING WHILE INTOXICATED

DATE OF OFFENSE: 1/7/90

On this the *15th* day of *March* 1990, came on to be
heard and considered the above entitled and numbered cause, an
the above named Defendant appeared in person, and the County
Attorney appeared for the State, and both parties announced ready
for trial; and the Defendant wavied a trial by jury and entered a
plea of ~~guilty~~/nolo contendere to the charge contained in the
information, and submitted the decision of the cause to the
Court, and the Court, having heard the information read, the
evidence adduced, and the plea of Defendant, finds that the said
Defendant is guilty of the offense above stated which was
committed on the date stated above, and the punishment be fixed
as stated below.

The Court further finds that good cause exists (not to) ~~(to)~~
suspended Defendant's drivers license #07122551 ~~(and it is hereby~~
~~suspended for a period of _____.)~~

And said Defendant, being asked whether Defendant had
anything to say why sentence should not be pronounced, answered
nothing in bar thereof, and it appearing to the Court that
Defendant is sane, the Court thereupon proceeded in the presence
of Defendant to pronounce sentence against Defendant, as follows:

It is ORDERED, ADJUDGED AND DECREED that Defendant:

1.  Pay a fine in the amount of $500.00.

2.  Be punished by confinement in the Kerr County Jail for
    a period of 1 YEAR.    ←    JAIL TIME
                                ← Class A misdemeanor

3.  Pay all costs of this prosecution expended, and for
    which execution shall issue.

It further appearing to the Court that said Defendant filed
with the Clerk of this Court, prior to the trial of this cause, a

7

A Certified Copy
Page *1* of *3*
Attest: Rebecca Bolin, Kerr County Clerk

VOL. *18* PAGE *462*

written application for probation and that the ends of justice and the best interest of society and of said Defendant will be served by granting probation. IT IS THEREFORE ORDERED by the Court the imposition of the jail sentence _____ be suspended and that said Defendant be placed on probation for a period of 18 MONTHS. Said probation and suspension of imposition of said sentence shall be conditional that the Defendant during the entirety of the term of probation shall (the items circled are conditions of this probation):

(1)  Commit no offense against the laws of this State or any State of or of the United States;

(2)  Avoid injurious or vicious habits and neither possess nor consume any intoxicants.

(3)  Avoid persons or places of disreputable or harmful character;

(4)  Report to the Probation officer having jurisdiction for Kerr County, Texas, on or before 10 days after the date of entry of this judgment, and monthly on or before the 15th and as directed at such other times theafter by said Probation Officer;

(5)  Permit any Probation officer to visit Defendant at Defendant's home or elsewhere;

(6)  Work faithfully at suitable employment as far as possible;

(7)  Remain in the State of Texas unless further ordered by the Court; *may go to work in California.*

(8)  Pay a fine and court costs instanter, except as follows:

Pay costs by *5/18/90*. Pay fine in monthly payments of $ *50.00* each, commencing on *6/15/90*, with a like payment each successive month and all and fine to be paid by ~~3/15/91~~ *3/15/91*.

(9)  Support Defendant's dependants, if any;

(10)  Use no drugs or controlled substances of any nature whatsoever unless prescribed by a licensed physician as current medication;

(11)  Attend and successfully complete an educational program that complies with Sec. 6c, Article 42.13, Code of Criminal Procedure of Texas (misdemeanor Adult Probation and Supervision Law), on or before ninety days from this judgment and pay $50.00 to the probation office for same.

(12)  Pay forthwith a Probation Fee of Twenty Five and No/100 Dollars ($25.00) per month for the period of probation.

(13)  Submit to an evaluation that complies with Sec. 4(h) Article 42.12, Texas Code of Criminal Procedure, to determine the appropriateness of alcohol or drug rehabilitation, within ninety days from this judgment, and that said Defendant submit to, comply with, and successfully complete any alcohol or drug rehabilitation program recommended by said alcohol or drug evaluation.

8

A Certified Copy
Page *2* of *3*
Attest: Rebecca Bolin, Kerr County Clerk




VOL _18_ PAGE _463_

(14)   Make restitution as follows:

In weekly/monthly payments of $_____, commencing on
_____, with a like payment each successive week/
month with all restitution to be paid by _____.

(15)   Immediately begin attending and continue to attend,
_____ separate weekly meetings, of at least one (1)
hour each, of the Kerrville Alcoholics Anonymous, 720 Tivy
Street, Kerrville, Texas. *(not to do anywhere)*

(16)   Be confined in the Kerr County Jail for a period of _____
days for which the Defendant is hereby given credit for
days. Such time is to be served on _____ days. Such
time is to be served on consecutive days/weekends as
scheduled by the Kerr County Sheriff.

(17)   Not go onto the premises of bars or liquor stores.

(18)   Perform _____ hours of Community Service and provide
proof of same to the Adult Probation Office. At least
_____ hours of community service shall be performed
monthly beginning _____ or as directed by the
probation office. The total community service hours
ordered herein shall be completed no later than
_____

(19)   Pay a fee of $ _10.00_ to Kerr County Crimestoppers on or
before _5/18/90_.

(20)   Attend counseling for _____ at
commencing _____and until discharged by
personnel there. Defendant/probation is to pay for all
such counseling and cooperate fully with said personnel.

(21)   Do the following: _____
_____
_____
_____

SIGNED and entered on the date first mentioned above.

_____
Judge Presiding
Kerr County Court at Law

I, the above named Defendant, hereby acknowledge receipt of
a copy of this, my Probation Judgement, on this the _____ day
of _____, 1990.

X _Scott R Washbuck_
Defendant

_____
Attorney for the Defendant

c - Kerr County Attorney
    Probation Officer

Defendant's Right Thumbprint



FILED FOR RECORD
at _4:40_ o'clock _P_ M.

MAR 15, 90

PATRICIA DYE
Clerk Co. Ct. at Law, Kerr County, Texas
by _____

9

A Certified Copy
Page _3_ of _3_
Attest: Rebecca Bolin, Kerr County Clerk

-- 0 --

This document to which this certificate
is affixed is a full, true and correct copy
of the original on file and of record in
my office
ATTEST: _February 8_ 20 _18_
_____ KERR COUN, COUNTY CLERK
BY _____ DEPUTY

Exhibit
"D"

CERTIFIED TRUE AND CORRECT COPY
The document to which this certificate is affixed
containing ____ pages is a full, true and correct,
copy of the original on file and of record in my office
Attest _November 5_ 20__
ROBBIN BURLEW, District Clerk
Kerr County, Texas
By _Rosalee K. Crostio_

B90-177

45/88

18 1984 – INDICTMENT – GENERAL – Class 3 1/2 8/1

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of _____ Kerr _____, State of Texas, duly selected, im-

paneled, sworn, charged and organized as such at the ____ January ____ Term, A. D. 19 _90_, of the

_____ 198th _____ District Court of said County, upon their oaths present in and to said Court,

that _____ SCOTT RALPH WHEELOCK _____, on or about the ____ 8th ____ day of

____ April _____, A. D. 19 _90_, and before the presentment of this indictment, in said

County and State, did then and there while intoxicated by not having the normal use of his

mental and physical faculties by reason of introduction into his body of alcohol, a

controlled substance, a drug, or a combination of alcohol, contolled substance and

drug, did then and there drive and operate a motor vehicle in a public place, to-wit:

the 100 Block of Texas 27, in said County and State and the said SCOTT RALPH WHEELOCK

had previously been convicted two or more times for the offense of driving and

operating a motor vehicle while intoxicated in a public place and upon a public road,

to-wit:

    (1)   in Cause No. CR 90-145 of the County Court at Law of Kerr County, Texas

           on the 15th day of March, 1990, and


    (2)   in Cause No. 14,688 of the County Court of Uvalde County, Texas, on the

           30th day of August, 1982


**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

_____
Foreman of the Grand Jury.

**ORIGINAL**

Exhibit
"D*2"

**STATE'S
EXHIBIT
2**

CAUSE NO. B 90-145  B 177

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | Kerr _____ COUNTY, TEXAS |
| Scott Ralph Wheelock | § | |
| | § | 198TH JUDICIAL DISTRICT |

### JUDGMENT, PLEA OF GUILTY, NO PROBATION
### DWI-3RD

Judge Presiding: V. MURRAY JORDAN     Date of Judgment: 7/9/90
Prosecutor:     Defense Attorney: _____
Offense Convicted of: DWI-3RD
     Degree: 3RD
Date of Offense _____     Plea of Guilty: Yes/No
Charging Instrument _____     Indictment/Information
Terms of Plea Bargain _____
Plea to Enhancement: True/Untrue     Finding on Enhancement: Yes/No
Findings on Use of a Deadly Weapon     Yes/No
Punishment _____         Years _____
Place of Confinement _____
Date to Commence _____     Time Credited _____
Total of Restitution: $ _____     Costs: $82.50
Concurrent unless otherwise stated.     Reporter: _____

On the _9th_ day of _Jul_, 1990, the above
entitled and numbered cause was called. The State of Texas appeared
by her Assistant District Attorney. The Defendant appeared in person
and by appointed/~~retained~~ counsel, _Don Chives_
Having been duly arraigned, the Defendant entered a plea of guilty to
the offense alleged in the indictment/information. The Defendant
having in open Court and in writing waived right of trial by Jury,
such waiver was approved by the Court and filed with the papers of
this cause. Thereupon the Court admonished the Defendant of the
range of punishment attached to the offense and the fact that any
recommendation of the prosecuting attorney as to punishment is not
binding on the Court. The Court inquired as to the existence of any
plea bargaining agreement between the State and the Defendant. The
Court was informed that there was a plea bargain agreement.

It plainly appearing to the Court that the Defendant was mentally
competent and the plea was free and voluntary, the plea of guilty
was received by the Court and is now entered of record. Having heard
the plea and having heard the evidence which was submitted, including
stipulated evidence under the provisions of Article 1.15, Code of
Criminal Procedure, and having duly considered same, the Court finds
the Defendant guilty of the offense of DRIVING WHILE INTOXICATED,
THIRD OFFENSE, as charged in the indictment/information, and that the
Defendant committed the offense on _April 8_, 1990.

It is therefore CONSIDERED, ORDERED, and ADJUDGED by the Court
that the Defendant is guilty of the felony offense of:DRIVING WHILE
INTOXICATED, THIRD OFFENSE and that the Defendant committed the
offense on _April 8_, 1990, as charged in the

**FILED**

At _1:30_ O'clock _a_ M

JUL 9 1990

LINDA UECKER
District Clerk
Kerr County, Texas

by _____ Garza

CERTIFIED TRUE AND CORRECT COPY
The document to which this certificate is affixed
containing ___ pages is a full, true and correct
copy of the original on file and of record in my office.
Attest: _____ 20___
ROBBIN BURLEW, District Clerk
Kerr County, Texas
By _____

Page 1

indictment/information, and that he be punished, as has been determined by the Court, at confinement in the ~~Texas Department of Corrections~~ for a term of _9 month_ ~~years~~ and a fine of $ _500_ .

On this the _9th_ day of _July_ , 19 90, this cause again being called, the State appeared by her Assistant District Attorney, _Donna Colaw_ . The Defendant appeared in person and by his counsel named above, for the purpose of having sentence pronounced. The Court asked the Defendant whether he had anything to say why sentence should not be pronounced against him, and he answered nothing in bar thereof. Wherefore, the Court proceeded in the presence of the Defendant and his counsel to pronounce sentence against him as follows:

"It is the ORDER of the Court that the Defendant _Scott Ralph Wheelock_ is sentenced to serve a term of _9 months_ ~~years~~ imprisonment in the ~~Texas Department of Corrections~~ and to pay a fine of $ _500_ and restitution of $ —————— to ——————————————————————————————————————.

It is further **ORDERED** by the Court that the State of Texas do have and recover from said Defendant all costs of prosecution, for which execution may issue.

The Defendant's Drivers license is hereby suspended for a term of ~~300~~ days.

The Sheriff of _Kerr_ County, Texas, is directed to deliver _Scott Ralph Wheelock_ immediately to ~~the Director of the Texas Department of Corrections~~ or other person legally authorized to receive such convicts and Defendant shall be confined in the ~~Texas Department Of Corrections~~ for a term of _9 months_ ~~years~~ in accordance with the provisions ~~governing the Texas Department of Corrections.~~ OF LAW.

IT IS FURTHER ORDERED that the sentence in this case shall begin and run from the _8th_ day of _April_ , 1990. In accordance with the provisions of Article 42.03, Section 4, in the Texas Code of Criminal Procedure, the Sheriff is directed to attach to the commitment papers a statement showing: (1) the time the Defendant spent in jail; (2) the time the Defendant was placed in custody as of, or after, the pronouncement of sentence; and (3) an assessment of the Defendant's conduct while in jail and/or custody.

The Court, having advised the Defendant that he had the right to file a Motion in Arrest of Judgment, a Motion for New Trial and a Notice of Appeal, the Defendant hereby is remanded to jail until the directions of this sentence can be obeyed.

SIGNED this the _9th_ day of _July_ , A. D., 19 90.

DEFENDANT'S
RIGHT INDEX FINGER:



V. MURRAY JORDAN
Judge Presiding

SS# 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
P.O. Box 208
Wheelock, TX 77572
7-18-58

cc: S.O.
Prob.
Def.
Atty.
Sutton   7-10-90
Page 2

EXHIBIT
"E"

CERTIFIED TRUE AND CORRECT COPY
The document to which this certificate is affixed
containing ___ pages is a full, true and correct
copy of the original on file and of record in my office
Attest November 5 20 18
ROBBIN BURLEW, District Clerk
Kerr County, Texas
By Rosalie R Castro

CASE NO. B 98-145        STATE OF TEXAS VS. SCOTT RALPH WHEELOCK
CHARGE: DRIVING WHILE INTOXICATED-THIRD OFFENSE
KERR COUNTY,              198TH DISTRICT COURT:    ARREST DATE:
AGENCY: KPD                    RELATED CASES:_____
DL# 07122551                   SS# 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              DOB 07-18-1958
*****************************************************************

### I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS FOR THE COUNTY OF KERR, STATE OF TEXAS, DULY SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JULY TERM, A.D., 1998, OF THE 198TH JUDICIAL DISTRICT COURT OF SAID COUNTY, UPON THEIR OATHS PRESENT IN AND TO THE COURT, THAT SCOTT RALPH WHEELOCK, ON OR ABOUT THE 27TH DAY OF JUNE, 1998, AND BEFORE THE PRESENTMENT OF THIS INDICTMENT, IN SAID COUNTY AND STATE, DID THEN AND THERE:

intentionally and knowingly drive and operate a motor vehicle in a public

place while the said defendant was intoxicated by not having the normal

use of mental and physical faculties by reason of introduction of alcohol

into the body,

And the said SCOTT RALPH WHEELOCK had previously been convicted two or more times for the offense of driving and operating a motor vehicle in a public place and upon a public road while intoxicated and under the influence of intoxicating liquor, to-wit:

    [1]   in Cause No. B94-287 of the 198th Judicial District Court of
          Kerr County, Texas, on the 10th day of November, 1994, and

    [2]   in Cause No. CR94-288 of the 198th Judicial District Court of
          Kerr County, Texas, on the 10th day of November, 1994,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
FOREMAN    OF    GRAND    JURY

*****************************************************************
DATE FILED: AUGUST 6, 1998
198TH DISTRICT CLERK, LINDA UECKER
KERR COUNTY, TEXAS
BY: Carrie White
AMOUNT OF BOND: $_____

_____
DISTRICT ATTORNEY

62/125

CERTIFIED TRUE AND CORRECT COPY
The document to which this certificate is affixed
containing _1_ pages is a full, true and correct
copy of the original on file and of record in my office
Attest _November 5_ 20 _18_
ROBBIN BURLEW, District Clerk
Kerr County, Texas
By _Rosaline X Aust to_

CASE NO. **B94-15** STATE OF TEXAS VS. SCOTT RALPH WHEELOCK
CHARGE: DRIVING WHILE INTOXICATED - THIRD OFFENSE
KERR COUNTY,                 198TH DISTRICT COURT:    ARREST DATE:_____
AGENCY: KPD                          RELATED CASES: _____
DL# 07122551                      SS# 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            DOB 07-18-1958
*******************************************************************************

## I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS FOR THE COUNTY OF KERR, STATE OF TEXAS, DULY
SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JANUARY
TERM, A.D., 1994, OF THE 198TH JUDICIAL DISTRICT COURT OF SAID COUNTY,
UPON THEIR OATHS PRESENT IN AND TO THE COURT, THAT SCOTT RALPH WHEELOCK,
ON OR ABOUT THE 13TH DAY OF AUGUST, 1993, AND BEFORE THE PRESENTMENT OF
THIS INDICTMENT, IN SAID COUNTY AND STATE, DID THEN AND THERE:

drive and operate a motor vehicle in a public place while th said

defendant was intoxicated by not having the normal use of mental and

physical faculties by reason of the introduction of alcohol into the

body,

And it is further presented in and to said Court that, prior to the
commission of the aforesaid offense (hereinafter styled the primary
offense, on March 15, 1990, in cause number CR90-145 in the County Court
at Law of Kerr County, Texas, the defendant was convicted of the offense
of driving while intoxicated; and on July 9, 1990 in cause number B 90-
177 in the 198th District Court of Kerr County, Texas, the defendant was
convicted of the offense of driving while intoxicated.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____
FOREMAN     OF     GRAND     JURY
*****************************************************
DATE FILED: JANUARY 7, 1994
198TH DISTRICT CLERK, LINDA UECKER
KERR COUNTY, TEXAS
BY: _Linda Uecker_                          DISTRICT ATTORNEY
AMOUNT OF BOND: $ 2500 - Surety.

Exhibit
"G"

CERTIFIED TRUE AND CORRECT COPY
The document to which this certificate is affixed
containing ____ pages is a full, true and correct
copy of the original on file and of record in my office
Attest: *November 5*, 20___
ROBBIN BURLEW, District Clerk
Kerr County, Texas
By_____

CASE NO. B94-287   STATE OF TEXAS VS. SCOTT RALPH WHEELOCK
CHARGE: DRIVING WHILE INTOXICATED-THIRD OFFENSE
KERR COUNTY,              198TH DISTRICT COURT:   ARREST DATE:
AGENCY: KPD                    RELATED CASES:_____
DL# 07122551              SS# 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        DOB 07-18-1958
*****************************************************************

## I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS FOR THE COUNTY OF KERR, STATE OF TEXAS, DULY SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JULY TERM, A.D., 1994, OF THE 198TH JUDICIAL DISTRICT COURT OF SAID COUNTY, UPON THEIR OATHS PRESENT IN AND TO THE COURT, THAT **SCOTT RALPH WHEELOCK**, ON OR ABOUT THE 21ST DAY OF MAY, 1994, AND BEFORE THE PRESENTMENT OF THIS INDICTMENT, IN SAID COUNTY AND STATE, DID THEN AND THERE:

drive and operate a motor vehicle in a public place while the said

defendant was intoxicated by not having the normal use of mental and

physical faculties by reason of introduction of alcohol into the body,

And the said **SCOTT RALPH WHEELOCK** had previously been convicted two or more times for the offense of driving and operating a motor vehicle in public place and upon a public road, to-wit:

[1]   in Cause No. CR90-145 of County Court at Law of Kerr County, Texas, on the 15th day of March, 1990, and

[2]   in Cause No. B90-177 of the 198th District Court of Kerr County, Texas, on the 9th day of July, 1990,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_____Wanda C. Kemp_____
FOREMAN   OF   GRAND   JURY
***************************************************************
DATE FILED: OCTOBER 7, 1994
198TH DISTRICT CLERK, LINDA UECKER
KERR COUNTY, TEXAS
BY Linda Uecker
AMOUNT OF BOND: $10,000 Surety (or)/

_____
DISTRICT ATTORNEY

EXHIBIT
"H"

CERTIFIED TRUE AND CORRECT COPY
The document to which this certificate is affixed
containing ___ pages is a full, true and correct
copy of the original on file and of record in my office
Attest: _November 5_ 20_18_
ROBBIN BURLEW, District Clerk
Kerr County, Texas
By _Rosalie L Austio_

CASE NO. _B94-288_   STATE OF TEXAS VS. SCOTT RALPH WHEELOCK
CHARGE: DRIVING WHILE INTOXICATED—THIRD OFFENSE
KERR COUNTY,          198TH DISTRICT COURT:   ARREST DATE:
AGENCY: KPD                  RELATED CASES: _____
DL# 07122551            SS# 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          DOB 07-18-1958
**********************************************************************

I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

    THE GRAND JURORS FOR THE COUNTY OF KERR, STATE OF TEXAS, DULY SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JULY TERM, A.D., 1994, OF THE 198TH JUDICIAL DISTRICT COURT OF SAID COUNTY, UPON THEIR OATHS PRESENT IN AND TO THE COURT, THAT SCOTT RALPH WHEELOCK, ON OR ABOUT THE 16TH DAY OF AUGUST, 1994, AND BEFORE THE PRESENTMENT OF THIS INDICTMENT, IN SAID COUNTY AND STATE, DID THEN AND THERE:

drive and operate a motor vehicle in a public place while the said

defendant was intoxicated by not having the normal use of mental and

physical faculties by reason of introduction of alcohol into the body,

And the said SCOTT RALPH WHEELOCK had previously been convicted two or more times for the offense of driving and operating a motor vehicle in public place and upon a public road, to-wit:

    [1]  in Cause No. CR90-145 of County Court at Law of Kerr County, Texas, on the 15th day of March, 1990, and

    [2]  in Cause No. B90-177 of the 198th District Court of Kerr County, Texas, on the 9th day of July, 1990,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

_Wanda C. Kemp_
FOREMAN   OF   GRAND   JURY
**********************************************************************
DATE FILED: OCTOBER 7, 1994
198TH DISTRICT CLERK, LINDA UECKER
KERR COUNTY, TEXAS
BY: _Linda Uecker_
AMOUNT OF BOND: $ _____

_____
DISTRICT ATTORNEY

B 05 478

CASE NO._____ STATE OF TEXAS VS. **SCOTT RALPH WHEELOCK**
CHARGE: DRIVING WHILE INTOXICATED-THIRD OFFENSE
KERR COUNTY,        198TH DISTRICT COURT:   ARREST DATE:
AGENCY: KPD                          RELATED CASES:_____
DL# 07122551              SS# 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              DOB 07-18-1958
*********************************************************************************************************

## I N D I C T M E N T

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS FOR THE COUNTY OF KERR, STATE OF TEXAS, DULY SELECTED, IMPANELED, SWORN, CHARGED AND ORGANIZED AS SUCH AT THE JULY TERM, A.D., 2005, OF THE 198TH JUDICIAL DISTRICT COURT OF SAID COUNTY, UPON THEIR OATHS PRESENT IN AND TO THE COURT, THAT **SCOTT RALPH WHEELOCK**, ON OR ABOUT THE 25TH DAY OF AUGUST, 2005, AND BEFORE THE PRESENTMENT OF THIS INDICTMENT, IN SAID COUNTY AND STATE, DID THEN AND THERE:

intentionally and knowingly drive and operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use of mental and physical faculties by reason of introduction of alcohol into the body, And the said **SCOTT RALPH WHEELOCK** had previously been convicted two or more times for the offense of driving and operating a motor vehicle in a public place and upon a public road while intoxicated and under the influence of intoxicating liquor, to-wit:

[1]  in Cause No. B94-15 of the 198th Judicial District Court of Kerr County, Texas, on the 12th day of February, 1999, and

[2]  in Cause No. B94-287 of the 198th Judicial District Court of Kerr County, Texas, on the 12th day of February, 1999,

And it is further presented in and to said court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 12th day of February, 1999, in cause number B94-288 in the 198th Judicial District Court of Kerr County, Texas, the defendant was convicted of the felony of DRIVING WHILE INTOXICATED-3RD.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

_____
FOREMAN OF GRAND JURY
*********************************************************************************************************
DATE FILED: OCTOBER 28, 2005
198TH DISTRICT CLERK, LINDA UECKER
KERR COUNTY, TEXAS
BY:_____              _____
AMOUNT OF BOND: $ 20,000 Surety            DISTRICT ATTORNEY

*Exhibit*
*"J"*

CAUSE NO. B05-478

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 198TH JUDICIAL |
| v. | § | DISTRICT COURT OF |
| SCOTT RALPH WHEELOCK | § | KERR COUNTY, TEXAS |

*This document to which this certificate is affixed, containing 2 pages, is a full, true and correct copy of the original on file and of record in my office.*

ATTEST: 1-9 2007

LINDA UECKER, District Clerk
Kerr County, Texas
by *Evelyn Henry* Tonya Ahlschwede

### JUDGMENT OF CONVICTION BY COURT;
### SENTENCE TO Institutional Division, TDCJ

| | |
|---|---|
| DATE OF JUDGMENT: | JANUARY 8, 2007 |
| JUDGE PRESIDING: | EMIL KARL PROHL |
| ATTORNEY FOR THE STATE: | RONALD L. SUTTON/AMOS BARTON |
| ATTORNEY FOR THE DEFENDANT: | DOYLE WEAVER |
| OFFENSE: | DRIVING WHILE INTOXICATED 3RD OR MORE ENHANCED |
| STATUTE FOR OFFENSE: | Section 49.04 , Penal Code |
| DEGREE OF OFFENSE: | SECOND DEGREE |
| APPLICABLE PUNISHMENT RANGE (including enhancements, if any): | Second Degree 2-20 yrs in prison/max $10,000 fine |
| DATE OF OFFENSE: | AUGUST 5, 2005 |
| CHARGING INSTRUMENT: | Indictment |
| TERMS OF PLEA AGREEMENT (IN DETAIL): | FIVE YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CORRECTIONS INSTITUTIONAL DIVISION |
| THIS DEFENDANT IS A LICENSED TEACHER: | NO |
| PLEA TO OFFENSE: | Guilty |
| PLEA TO ENHANCEMENT PARAGRAPH(S): | TRUE |
| VERDICT FOR OFFENSE: | Guilty |
| FINDING ON ENHANCEMENT: | TRUE |
| AFFIRMATIVE FINDING ON DEAD. WEAPON: | Not Applicable |
| 12.45 AGREEMENT: | |
| OTHER AFFIRMATIVE SPECIAL FINDINGS: | DRUGS/ALCOHOL AFFECTED THIS OFFENSE |
| DATE SENTENCE IMPOSED: | JANUARY 8, 2007 |
| PUNISHMENT AND PLACE OF CONFINEMENT: | FIVE (5) years in the Institutional Division-TDCJ, |
| TIME CREDITED TO SENTENCE: | ONE DAY (1) |
| COURT COSTS: | $ 402.00    ATTY. FEES: 520.00 |
| TOTAL AMOUNT OF RESTITUTION: | |
| NAME AND ADDRESS FOR RESTITUTION: | |

FILED
At 9:00 O'clock Q M

JAN 0 9 2007

LINDA UECKER
District Clerk
Kerr County, Texas
By *Evelyn Henry*

| | | |
|---|---|---|
| DOB: 07-18-1958 | SS#: 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 | SID #: TX 02831883 |

This sentence shall run concurrently unless otherwise specified.

On the date stated above, the above numbered and entitled cause was regularly reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney, as stated above, were also present. Thereupon both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury. The Defendant further waived the reading of the **indictment** and, upon being asked by the Court as to how the defendant pleaded, entered a plea of **Guilty** to the offense as stated above,, **as alleged in the charging instrument.** Furthermore, as to the enhancement paragraphs, if any, the Defendant entered a plea as stated above.

Thereupon, the Defendant was admonished by the Court of the consequences of the plea(s); it appeared to the Court that the Defendant was competent to stand trial and that the defendant was not influenced in making said plea(s) by any consideration of fear or by an persuasion prompting a confession of guilty; and the Court received the free and voluntary plea(s), which are now entered of record in the minutes of the court. The Court proceeded to hear evidence from the State and the Defendant and, having heard argument of counsel, found there was sufficient

Judgment of Conviction by Court; Direct Sentence

evidence to support the Defendant's plea and found the Defendant "GUILTY" of the offense stated above, found it was committed on the date(s) stated above, and made a finding on the enhancement paragraphs, if any, as stated above. A pre-sentence investigation report **was not required or done.** The Court then assessed punishment as stated above.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded to pronounce sentence upon said Defendant as stated above.

It is therefore ORDERED, ADJUDGED and DECREED by the Court that the defendant is guilty of the offense stated above, the punishment is fixed as stated above, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended, for which execution will issue.

It is ORDERED by the Court that the Defendant be taken by the authorized agent of the State of Texas or by the Sheriff of this county and be safely conveyed and delivered to the **Director, Institutional Division-TDCJ,** there to be confined in the manner and for the period aforesaid, and the said defendant is hereby remanded to the custody of the Sheriff of this county until such time as the Sheriff can obey the directions of this sentence. The defendant is given credit as stated above on this sentence for the time spent in county jail. The Defendant also is ordered to pay restitution to the person(s) named above in the amount specified above.

Signed on the 8TH day of JANUARY, 2007.

_____
EMIL KARL PROHL, JUDGE PRESIDING

Defendant's right thumbprint





Judgment of Conviction by Court; Direct Sentence.

Court of Criminal Appeals

of Texas

P.O. Box 12308, Capitol Station

Austin, Tx 78711


Court of Appeals No. 04-23-00792-CR

Trial Court Case No. B18-291

Style: Scott Ralph Wheelock

vs.

The State of Texas


Trial Court, Honorable Judge Rex Emerson,

198th Judicial District Court

Kerr County, Texas


## Petition for Discretionary Review (PDR)


Format of Petition according to Texas Rules of Appellate Procedure, Rule 68.4 Contents of Petition

Also, Texas Rules of Appellate Procedure, Rule 66.3(f) Reasons for Granting Review

(f) whether a court of Appeals has so far departed from the Accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision.

(Copy)

DATE: Dec. 26, 2023

<u>Identities of Judge, Parties and Counsel</u>

District Judge, 198th Judicial District, Kerr County:
      Honorable Rex Emerson

For The State of Texas:
    Mr. Scott F. Monroe
    198th District Attorney
    SBOT: 14272700
    Mr. Stephen B. Harpold
    198th Assistant District Attorney
    SBOT: 09035060
    198th District Attorney's Office
    402 Clearwater Paseo, Suite 500
    Kerrville, Texas 78028
    Telephone: (830) 315-2460

For The Defendant:
    Mr. Brandon Hudson, 1st Court Appointed (Deceased)
    SBOT: 50511660
    Mr. Douglas S. Daniel, 2nd Court Appointed (Deceased)?
    SBOT: 05355200
    Daniel + Hudson PLLC
    1815 San Pedro Ave.
    San Antonio, Texas 78212
    Telephone: (210) 222-2297

page 2

(Copy)

Date: Dec. 26, 2023

## <u>Table of Contents</u>

|  | Pages |
|---|---|
| Cover Page | 1 |
| Identities of Parties | 2 |
| Table of Contents | 3, 4, 5, 6 |
| Index of Authorities | 7 |
| Statement Regarding Oral Argument | 8 |
| Statement of the Case | 8 |
| Statement of Procedural History | 9 |
| Grounds for Review | 10, 11 |
| Argument | 10, 11 |
| Prayer for Relief | 12 |
| Appendix | 13 |

Date: Dec. 26, 2023

## Table of Contents, Exhibits

**Exhibit A** - cause no. B18-291, Indictment and Judgement, Feb 7, 2018
60 year sentence, "Uncounseled Convictions" used "14" times

**Exhibit B** - cause no. 14,688, August 30, 1982, Indictment and
Judgement, class B, "Uncounseled Conviction", 3 days in jail and "300 fine"

**Exhibit C** - cause no. CR90-145, Indictment and Judgement, Jan 7, 1990
Class A misdemenor, 1 year in jail, "Uncounseled Conviction"

**Exhibit D** - cause no. B98-145, No. 3 of enhancements, of cause B18-291
Indictment and Judgement

**Exhibit E** - cause no. B05-478, No. 4 of enhancements, of cause B18-291
Indictment and Judgement

**Exhibit F** - cause no. B90-177, 1st Felony DWI, "uncounseled conviction"
Exhibits A + B used, (cause no. 14,688 and cause no. CR90-145) this
cause should be "Void"

**Exhibit G** - cause no. B94-15, uses CR90-145 "Uncounseled
Conviction" and uses B90-177 which uses cause no. 14,688 which is
"uncounseled conviction" and cause no. CR90-145 also "uncounseled
conviction", again.', this cause no. B94-15, should be "Void."

**Exhibit H** - cause no. B94-287, uses CR90-145 "uncounseled
conviction" and uses B90-177 which uses cause no. 14,688 which is
"uncounseled conviction" and cause no. CR90-145 also "uncounseled
conviction", again.', this cause no. B94-287, should be "Void."

**Exhibit I** - cause no. B94-288, uses CR90-145 "uncounseled
conviction" and uses B90-177 which uses cause no. 14,688 which is
"uncounseled conviction" and cause no. CR90-145 also "uncounseled

## Table of Contents, Exhibits

Conviction," this cause No. B94-288 should be "Void", again!

<u>Exhibit J</u> - Defense Counsels (Appointed) 2nd, "Motion To Withdraw"

After Sentencing June 26, 2019, counsel withdraws October 2, 2019. First 30 days to file "Motion for New Trial," gone, (Texas Rules of Appellate Procedure, Rules 21.2, "When Motion for New Trial required" and Rule 21.4 "Time to file and Amend Motion"), never received any Appellate Attorney (Defendant filed appeal brief, it was due September 2, 2019) Appeal Court Abated appeal October 2019, November 23, 2019, Video Conference (Defendant has hearing from Trial Court to Receive Appellate Court Appointed Attorney. Proceeded, Pro Se, Court (Appeals) ordered all parties to give to Defendant, all Records January 2020, 2 weeks to prepare, Pro Se, Appeal Brief due February 4, 2020).

Disabled Military Veteran, 70% Rated, "hearing loss" and "Trauma Related Injuries", qualified for Texas Code of Criminal Procedure, Article 38.31 "Interpreter for Deaf Person" never Received any, all the way back to 1982 (first DWI "uncounseled conviction," cause No. 14,688, Exhibit B)

<u>Exhibit K</u> "States Exception to Defendant's <u>Motion to Quash (DWI 3rd) B18-291 Indictment</u>," from July 11, 2018 (Prior to any Defense Counsel) No Evidentary Hearing, period, whole case.

<u>Exhibit L</u> - "States Exception to Defendants' <u>Motion To Quash B18-539 Indictment (Failure To Appear)</u> from July 11, 2018 (Filed Pro Se before any Court Appointed Attorney, not Arraigned yet at time of filing)

## Table of Contents, Exhibits

Exhibit L - No. Evidentiary Hearings, period, whole case

Exhibit M - Sentencing Hearing, this is Trial Court, Court Reporters Record, it shows the 25 years offered at the beginning of the "plea negotiations" was already outside of _sentencing guidelines_, as a 3rd or more, DWI is still a 3rd degree felony, under Texas Penal Code, Section 12.34, Third Degree is 2 to 10 with possible $10,000.00 fine, but in this cause No. B18-291 the current case where I the Defendant am serving a 60 years sentence, the first part, the DWI-Third cannot even be proven because of the use of the 2 "uncounseled convictions", cause No. 14,688 and cause No. CR90-145, as the first element of indictment B18-291 was unprovable; as uncounseled convictions cannot be used to enhance punishment for another offense, and "uncounseled convictions cannot be used against a person either to support guilt or enhance punishment for another offense."

Exhibit N - Military Discharge DD214, is page 17 of sentencing it shows what the Judge's Remarks were, there is one page from (PSI) page 16, where it has my age, in Florida at 24 years old in 1978, but my Military Discharge shows me as 20 years old stationed in Europe in 1978, this document has my statement saying this was not me, for PSI.

Exhibit O - Last order of Reconsideration  Nov. 28, 2023
     Court of Appeals  Cause No. 04-23-00792-CR

## Index of Authorities

|                                                              | Page        |
| ------------------------------------------------------------ | ----------- |
| Texas Code of Criminal Procedure, Article 38.31              | 11          |
| Texas Code of Criminal Procedure, Article 42.01(15)          | 12          |
| Texas Penal Code Section 30.02                               |             |
| Texas Rules of Appellate Procedure, Rule 21.4                | 1 thru 13   |
| Texas Rules of Appellate Procedure, Rule 66.3                | 1, 9        |
| Texas Rules of Appellate Procedure, Rule 68.4                | 1, 9        |
| Fears v. State  Tex. App Lexis 4765                          | 11          |
|        June 30, 2023                                         |             |

## Statement Regarding Oral Argument

This case should not need oral argument, as most all the facts and evidence are visual on face of indictments and documents

## Statement of the Case

This case is a DWI case, that uses "2 uncounseled convictions" and a "third uncounseled conviction" 14 times in this indictment, cause number B18-291 of which the Defendant is serving 60 years. These cause numbers are; cause No. 14,688 and cause No. CR90-145 and third cause No. B90-177 which uses both of the first two to make a felony (third) they are used over and over.

The other error was the 2nd trial attorney not withdrawing until 3 months after sentencing, and not notifying Defendant of the 30 day window in which to file "Motion for New Trial" or assisting in filing the appeal, as defendant had the right to appeal, as plea agreement was 25 years flat with first attorney (who passed away) and the second court appointed attorney who presented a 25 year open plea agreement, (which was agreed on) then at sentencing it was not the same as agreed on, the sentence ended as a 60 year sentence because of enhancements, once going to appeal, the 4th Court of Appeals did not rule on enhancements but by the time for "Motion on Enhancements" the 4th Court had lost jurisdiction of case. (I believe the 2nd attorney is deceased, also, would be Ineffective Assistance of Counsel).

Page 8

Date: Dec 26, 2023

## Statement of Procedural History

T.R.A.P   68.4

(f) (1) the date any opinion of Court of Appeals has handed down;

November 28, 2023  Court of Appeals cause no. 04-23-00792-CR
"Denied"

(2) the date any motion for Rehearing filed;

"Appellant's Motion for Rehearing and En Banc Reconsideration"
August 21, 2023 "filed"


(3) the date the Motion for Rehearing was overruled;

"Denied" November 28, 2023  Court of Appeals cause no 04-23-00792-CR

T.R.A.P.   66.3

(h) Reasons for Granting Review

(b) whether a court of appeals has decided an important question
of state or federal laws that has not been, but should be, settled
by the Court of Criminal Appeals;


(c) whether a court of appeals has decided an important question
of state or federal law in a way that conflicts with the applicable
decisions of the Court of Criminal Appeals or the Supreme Court
of the United States;


(f) whether a court of appeals has so far departed from the
accepted and usual course of judicial proceedings, or so far
sanctioned such a departure by a lower court, as to call for an
exercise of the Court of Criminal Appeal's power of supervision

[Copy]

## Grounds for Review

Appellate Jurisdiction, Authority of Appellate Court

The Code of Criminal Procedure Requires that the judgement Accurately Reflect the term of a defendant's sentence

Tex. Code Crim. Proc. Ann. Art. 42.01 (15)

The appellate court has the power to correct and Reform the judgement of the trial court to make the Record speak the Truth when it has the Necessary data and information to do so.

The appellate courts' duty to make the Record speak the Truth is not dependant upon a Request by either party to do so.

Tex. Code Crim. Proc. Ann. Art. 42.81 (15)

Section (1) A judgement is the written declaration of the Court signed by the trial judge and entered of Record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgement.

The judgement shall Reflect:

(15) The term of the sentence;

In this current cause No. B18-291 the sentence is incorrect, 1st aspect would be proving the 3rd DWI and the charge itself, this cannot be done using the "uncounseled convictions" A 3rd offense DWI is a 2 to 10 year, 3rd Degree offense, Not A 25 year (to start with offense), the enhancements also use these same "uncounseled convictions", please see Exhibits A through O that are included.

<u>Grounds for Review</u>

In the Recent case;

Fear v. State, 2023 Tex. App. Lexis 4765  June 30, 2023
..... Appeals has held that an Appellant may not collaterally attack
an uncounseled prior conviction for the first time on appeal
unless the trial court was given the opportunity to determine
whether the prior conviction was permissibly obtained. This Rule
applies to the admission of uncounseled prior convictions as
evidence at the punishment phase. If a defendant wishes to
complain on appeal about prior convictions admitted as evidence
during the punishment phase, he must make a ..... objection to the
evidence or waive it even when the prior conviction was
uncounseled.

In this present case, cause No. B18-291 in the sentencing
phase (Exhibit M, pages 14 through 16) for waivers and
objections and attempted discussions on enhancements
(prior convictions, usage of uncounseled convictions and
Repeated cases B94-15, B94-287 and B94-288 and the date
changing from 1994 date to 1999 dates, used one date, then again other date)

In the present case, cause No. B18-291 and all the prior cases,
the use of Texas Code of Criminal Procedure Article 38.31 "Interpreter
for a Deaf Person" this was not used in any of the prior convictions, as I
am 80% Disabled Military Veteran, 30% is hearing loss, back-dated to 1983

(Copy)                                                    Date: Dec. 26, 2023

## Prayer for Belief

Wherefore, as <u>all</u> the prior convictions and this conviction, the defendant is now incarcerated on, 60 year sentence of which it uses "uncounseled convictions" for evidence in both the original charge and for <u>all</u> the enhancements. The defendant would Request of this Court, as both sentence and enhancements used for judgement are basically "Void" because of the use of the "uncounseled convictions" as these cannot be used against a defendant, to prove guilt or to enhance punishment.

Defendant prays, that this Court dismiss and expunge the defendant's Record so this does not happen again.

This can be done in accordance with, Tex. Code Crim. Proc. Ann. Art. 42.01(15) which in part states; "The appellate court has the power to correct and reform the judgement of the trial court to make the record speak the truth when it has the necessary data and information to do so. The appellate courts' duty to make the record speak the truth is not dependant upon a Request by either party to do so."

Generally, courts review the denial of a defendant's motion to dismiss an indictment only after the defendant has been convicted and sentenced.

U.S. v. Garib-Bazain, 222 F. 3d 17, 18-19 (1st Cir 2000)(No interlocutory Appeal of denial of motion to dismiss indictment unless and until defendant convicted and sentenced).

In This we Pray!

*Appendix*

For the list of Exhibits, please go to pages 4, 5 and 6 of the "Table of Contents" in this writing

## Certificate of Service

On this the 27th day of December, 2023 did send this Document by Regular Mail to the following addresses;

Deanna Williamson, Clerk
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Tx 78711

And

Dawn Kay Lantz, District Clerk, Kerr County
700 Main St., Ste. 236 CourtHouse
Kerrville, Texas 78028


Return Address - 2                    Respectfully Submitted,
Scott Ralph Wheelock              Scott Ralph Wheelock
TDCJ # 02270570
Preston E. Smith Unit
1313 County Road 19
LaMesa, Tx 79331